IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Margarita Zayas, ) | |
| ) | Case No. 11 C 50290 |
| Plaintiff ) | |
| ) | |
| vs. ) | |
| ) | |
| Rockford Memorial Hospital, ) | |
| ) | Judge Philip G. Reinhard |
| Defendant ) | |

## ORDER

For the reasons stated below, defendant's bill of costs is allowed in the amount of $1682.76. Plaintiff's request for a stay is denied.

## STATEMENT - OPINION

Defendant, Rockford Memorial Hospital, filed a bill of costs which was entered by the clerk on August 2, 2013. Defendant seeks $1404.26 for deposition transcripts and $278.50 for copy costs. A total of $1682.76 in costs. Plaintiff objects to the taxation of these costs.

"Unless a federal statute, these rules, or a court order provides otherwise, costs– other than attorney's fees– should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "The rule provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." Rivera v. City of Chicago, 469 F.3d 631, 634 (7th Cir. 2006).

Plaintiff argues costs should not be awarded because doing so "would unduly inhibit future lawsuits regarding discrimination and other civil rights." Plaintiff cites no authority for this proposition. Title VII and the ADEA do not provide that plaintiffs bringing actions under these statutes are relieved of their obligation to pay costs under Rule 54(d)(1) if they lose. The costs sought here are relatively modest. Assuming without deciding, that deterring future plaintiffs is a reason to exercise the court's discretion to refuse to impose costs, the court declines to do so here. The relatively small amount of the costs awarded is unlikely to deter any plaintiffs who believe they have legitimate discrimination claims.

Plaintiff also argues costs should be denied because of her inability to pay. She says she has been unemployed since her termination by defendant in April 2011. In order to deny costs

based on indigence, the court "must make a threshold factual finding that the losing party is incapable of paying the court-imposed costs at this time or in the future." Id. at 635 (internal quotation marks and citation omitted). Plaintiff has presented no evidence to show she is unable to pay now or will not be able to pay in the future. She asserts unemployment but does not support her assertion with any evidence. Even assuming she has been unemployed since her termination, this does not show she has insufficient assets otherwise to pay the costs nor that she will not become employed in the future.

Rule 54(d)(1) "allows only those items to be taxed that are listed in the costs statute, 28 U.S.C. § 1920." Winniczek v. Nagelberg, 400 F.3d 503, 504 (7th Cir. 2005). The court must determine 1) whether the cost is recoverable and 2) whether the amount claimed is reasonable. Majeske v. City of Chicago, 218 F.3d 816, 824 (7th Cir. 2000).

Defendant seeks to recover the cost of deposition transcripts for the depositions of plaintiff, Lawrence Greisman and Mary Kay Hart. All of these depositions were used by defendant in connection with its motion for summary judgment and the transcripts were supplied to the court as exhibits to defendant's required statement of facts. These costs are allowable as "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Plaintiff does not challenge the reasonableness of the amount of these deposition costs and the court finds the amounts are reasonable.

Defendant also seeks to recover the cost of copies for documents produced to plaintiff during discovery and for copies of documents submitted to the court relating to its motion for summary judgment and its reply in support of that motion. These costs are recoverable as "[t]he costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The rate of ten cents per page is reasonable. These costs are allowable.

Plaintiff asks the court to stay execution on the bills of costs pending resolution of the appeals on the merits. However, the court sees no compelling reason to do so. The defendants are entitled to their costs by rule and by statute after judgment has been entered, a bill of costs submitted and any objections resolved. Fed. R. Civ. P. 54(d)(1); 28 U.S.C. § 1920.

For the foregoing reasons, defendant's bill of costs is allowed in the amount of $1682.76. Plaintiff's request for a stay is denied.

Date: 9/04/2013							ENTER:

							_____
							United States District Court Judge

Electronic Notices          (cjr)

2